**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re Application of<br><br>QUADRE INVESTMENTS, L.P.,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 3:23-mc-00037-MEG<br><br><br><br>April 10, 2024 |

**CERTIFICATION OF FACTS PURSUANT TO 28 U.S.C. § 636(e) RE: PETITIONER'S RENEWED MOTION FOR ENTRY OF AN ORDER OF CONTEMPT**

On January 12, 2024, Petitioner Quadre Investments, L.P. filed a Renewed Motion for Contempt, ECF No. 35, arising out of Respondent Yichen Zang's non-compliance with this Court's Order, ECF No. 32, that Respondent was to comply with the subpoena authorized by this Court, ECF No. 18. The Motion was served on Respondent and to date Respondent has neither appeared nor opposed the Motion.

## I. PROCEDURAL BACKGROUND

Petitioner Quadre Investments, L.P. commenced this action on April 24, 2023, pursuant to 28 U.S.C. § 1782 seeking an Order to allow Petitioner to obtain limited discovery from Respondent Yichen Zhang for use in a foreign proceeding to which Respondent is not a party ("§ 1782 Motion"). ECF No. 1.[1] Counsel for Respondent never filed an appearance in this proceeding and on May 11, 2023 this Court granted the § 1782 Motion and permitted Petitioner to subpoena Respondent ("May 11 Order"). ECF No. 18.

[1] In a related case, *In Re Oasis Focus Fund LP*, 3:23-mc-00101-MEG, this Court granted an Ex Parte Petition to pursue discovery from the same Respondent Yichen Zhang. In that matter, the Petitioner has not raised issues of Respondent's compliance with the Court's Order.

Petitioner was repeatedly unsuccessful at serving notice of the May 11 Order and the subpoena on Respondent, prompting this Court to authorize service by posting copies of each document on Respondent's residence and sending copies to Respondent by U.S. and certified mail. ECF No. 23. Petitioner served the subpoena on August 9, 2023. ECF No. 26, at 2 ¶ 2.

On November 14, 2023, after Respondent had failed to respond to the May 11 Order and subpoena, this Court ordered that Respondent comply with the subpoena or be held in contempt ("November 14 Order"). ECF No. 32. Respondent did not produce any documents, appear in this proceeding, or otherwise respond to service by the November 29, 2023 deadline or at any point thereafter. ECF No. 35-1, at 2 ¶ 8 (Respondent's deadline was November 29, 2023); ECF No. 35-1, at 3 ¶¶ 9-10 (Respondent had not appeared or produced documents as of January 12, 2024). Petitioner represents that, since the filing of the motion at issue, counsel for Respondent has communicated its position that this Court lacks jurisdiction over Respondent. ECF No. 43.

## II. LEGAL STANDARD

### A. CONTEMPT

It is well-settled that federal courts have inherent power to punish contempt. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quoting *Ex parte Robinson*, 86 U.S. 505, 510 (1873)); *People ex rel. Abrams v. Terry*, 45 F.3d 17, 23 (2d Cir. 1995); *Kerr v. John Thomas Fin.*, No. 14-cv-9168, 2017 U.S. Dist. LEXIS 15684, 2017 WL 485041 at *2 (S.D.N.Y. Feb. 3, 2017) (quoting *D'Orange v. Feely*, 959 F. Supp. 631, 634-35 (S.D.N.Y. 1997)), report and recommendation adopted, 2017 U.S. Dist. LEXIS 66100, 2017 WL 1609224 (S.D.N.Y. May 1, 2017).

District courts are imbued with "inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'" *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S.

187, 191 (1949)), cert. denied, 454 U.S. 832 (1981). This inherent power may only be exercised when "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Next Invs., LLC v. Bank of China*, 12 F.4th 119, 128 (2d Cir. 2021).

**B. MAGISTRATE JUDGE'S AUTHORITY**

As set forth in the Federal Magistrates Act, 28 U.S.C. § 636(e), magistrate judges are authorized to exercise contempt authority in certain limited circumstances. "A magistrate judge may 'exercise the civil contempt authority of the district court' only in those cases in which the magistrate judge presides with the consent of parties." *United Rentals, Inc. v Adams*, 19-cv-210 (JBA), 2021 U.S. Dist. LEXIS 257275, 2021 WL 81555600 at *6 (citing 28 U.S.C. § 636(e)(4)). In a non-consent case, the magistrate judge's function is to certify facts relevant to the contempt to a district judge. 28 U.S.C. § 636(e)(6)(B). The magistrate judge may also order the potential contemnor to appear before a district judge to show cause why the potential contemnor should not be held in contempt. *Id.*

Certified facts do not constitute findings of fact; they are only facts gleaned from the submissions with an eye toward determining "whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (quoting *Church v. Stellar*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999)). Under the certification process, the magistrate judge may conduct a hearing. *Church*, 35 F. Supp. 2d at 217. "The district judge must then make an independent determination of the facts certified and consider any additional evidence." *Coan v. Dunne*, 602 B.R. 429, 436 (D. Conn. 2019) (internal quotation marks and citation omitted). "Whether the conduct of a party constitutes

contempt and any sanctions therefor are committed to the discretion of the district court." *Church*, 35 F. Supp. 2d at 217.

The district court, upon certification of the facts supporting a finding of contempt, is then required to undertake a *de novo* hearing. *See Telebrands Corp. v. Marc Glassman, Inc.*, No. 09-cv-734 (RNC), 2012 U.S. Dist. LEXIS 42614, 2012 WL 1050018 at *1 (D. Conn. Mar. 28, 2012) (explaining that "[t]he district judge, upon certification of the facts, is 'required to conduct a *de novo* hearing at which issues of fact and credibility determinations are to be made'") (quoting *Bowens*, 546 F. Supp. 2d at 71, report and recommendation adopted, *id*. at 55-60). Where, however, the magistrate judge declines to certify the conduct to the district court for a determination of contempt, the "district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge." *Church*, 35 F. Supp. 2d at 217; *see also In re Kitterman*, 696 F. Supp. 1366, 1370 (D. Nev. 1988) (noting that the magistrate judge's decision not to certify to the district court "dispos[es] of the matter").

## III. DISCUSSION

### A. CERTIFICATION OF FACTS

Petitioner seeks an Order recommending the District Court hold Respondent in contempt for his failure to comply with the Court's November 14 Order and that the District Court impose additional sanctions against Respondent including a daily fine of $300 per day until Respondent fully complies with the November 14 Order. In support of its motion, Petitioner submits the sworn declarations of its counsel, Attorneys Duane L. Loft and Rowena A. Moffett. Based upon the sworn declarations submitted in this matter, I find that Petitioner has adduced sufficient evidence to establish a prima facie case of contempt and certify the following supporting facts:

1. This Court issued an order under 28 U.S.C. § 1782 on May 11, 2023 granting Petitioner leave to serve a subpoena, *see* ECF No. 3, at 4– 15 (the "Subpoena"), and the May 11 Order on Respondent for documents and testimony in support of a foreign proceeding.

2. After four attempts to serve Respondent personally, Petitioner applied for and, on August 7, 2023, was granted leave to serve the Subpoena and the May 11 Order by alternative means. Petitioner completed such service on August 9, 2023.

3. Respondent has missed every deadline under Rule 45 and the May 11 Order and, without adequate excuse, has failed to obey the Subpoena.

4. On October 25, 2023, Petitioner filed its First Motion to Enforce Compliance. ECF Nos. 26–29.

5. On November 14, 2023, this Court issued the November 14 Order holding that: (a) "Respondent shall comply fully with the Subpoena within fourteen days of service of this order, or be held in contempt;" (b) "All objections to the Subpoena are deemed waived;" (c) "Any motion to quash, modify, or otherwise oppose the Subpoena is deemed untimely;" and (d) permitting alternative service of the November 14 Order.

6. On November 15, 2023, Petitioner's process server completed alternative service of the November 14 Order in accordance with the November 14 Order's terms. The deadline for Respondent to comply with the November 14 Order was November 29, 2023.

7. As of January 12, 2024, the filing date of the motion at issue, Respondent had not served responses or objections to the Subpoena, and under Rule 45(d)(2)(B), any objections or responses were due 14 days after service of the Subpoena. That deadline expired on August 23, 2023.

8. As of January 12, 2024, Respondent had not moved to quash or otherwise oppose the Subpoena, and under the May 11 Order, the deadline to do so was 21 days from service of the Subpoena. That deadline expired on August 30, 2023.
9. As of January 12, 2024, Respondent had not produced any documents in response to the November 14 Order.
10. On March 4, 2024, Petitioner's counsel filed a Notice on the docket representing that Respondent's counsel has contacted Petitioner's counsel.
11. To date, Respondent has not appeared in this proceeding.

**B. FURTHER ORDERS AND RECOMMENDATIONS**

Petitioner urges this Court to recommend the following findings: (1) Respondent is in contempt of Court for his failure to comply with this Court's November 14 Order; (2) Respondent shall be fined $300 per day until he complies fully with the November 14 Order; (3) if, after 30 days from the date of the Court's Order, Respondent has still not complied with the Court's November 14 Order, then upon the filing of a declaration by Petitioner confirming Respondent's continued non-compliance, a U.S. Marshal shall be directed to locate Respondent, take him into custody, and deliver him to Court to respond to the November 14 Order; and (4) service of this Order may be made using the alternative methods of posting a copy of this Order on Respondent's residence and mailing a copy to him by U.S. and certified mail.

As discussed above, this Court's role is to determine whether the Petitioner can adduce sufficient evidence to establish a prima facie case of contempt. This Court finds that Petitioner has successfully done so because this Court's November 14 Order was clear and unambiguous, Petitioner's unopposed filings have shown clearly and convincingly that Respondent failed to comply with the November 14 Order, and the record is devoid of any evidence supporting that

Respondent exhibited any diligence in attempting to comply with the November 14 Order. If the District Judge enters a finding of contempt against the Respondent, this Court would further recommend that Respondent be ordered to pay Petitioner's reasonable attorney's fees and costs arising out of Petitioner's efforts to enforce the subpoena upon the filing of a Motion for Attorney's Fees.

## IV.  CONCLUSION

For these reasons, the Court certifies the facts pursuant to 28 U.S.C. § 636(e) to the District Judge. The Clerk of Court is respectfully requested to assign this case to a District Judge to determine whether Respondent's conduct constitutes contempt.

Any objections to this ruling must be filed with the Clerk of the Court with a courtesy copy to U.S. Magistrate Judge Maria E. Garcia within 14 days of service. Failure to file objections within this period waives the right to appeal this Court's ruling. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

*/s/ Maria E. Garcia*
Hon. Maria E. Garcia
United States Magistrate Judge